UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MANUEL GONZALEZ-LAMAS,<br><br>Defendant. | No. 1:12-cr-00196-DAD-BAM-1<br><br>ORDER DENYING MOTION FOR RETURN OF PROPERTY<br><br>(Doc. Nos. 14 and 28) |

On December 17, 2012, defendant Victor Manuel Gonzalez-Lamas pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). (Doc. Nos. 9-11.) On the same day, defendant was sentenced to 30 months in custody and ordered to pay a $100 penalty assessment. (Doc. Nos. 10-11.) On April 3, 2014, defendant filed a motion for return of property seeking the return of $200 that was allegedly seized from him when he was arrested by the U.S. Marshal Service on December 17, 2012. (Doc. No. 14.) On December 4, 2015, the case was reassigned to the undersigned district judge. (Doc. No. 24.) On January 13, 2016, the court directed the government to respond to the motion. (Doc. No. 25.) The court twice attempted service of the order on defendant to his last known address via the United States Postal Service, but the order returned as "undeliverable." (Doc. Nos. 26 and 30.) On January 11, 2016, the government responded with a motion to dismiss the motion for return of property. (Doc. No. 28.)

1

In its response, the government stated that Robert Benesiewicz, a case agent for Homeland Security Investigations, looked into the matter. (*Id*. at 3.) The case agent found that on the date of his arrest, defendant was issued a debit car from Merced County Jail containing $155.96. (*Id*.) On October 29, 2012, defendant was booked into Fresno County Jail along with this debit card as his property. (*Id*.) On January 16, 2013, after defendant pleaded guilty and was sentenced in his federal case, the Fresno County Jail transferred the defendant into the custody of the U.S. Marshal's Service along with a property envelope with the number "150." (*Id*.) On January 17, 2013, the U.S. Marshal's Service mailed the money card to defendant's nearest contact, Melissa Nava, who resided on Broadway Street in Atwater, California. (*Id*.) Defendant's booking form, from when he was booked into Fresno County Jail, listed this Broadway address as his current address. (*Id*.) Immigration records indicate that on or about January 5, 2016 defendant was deported to Mexico. (*Id*. at 4.) The government included in its response a declaration signed under penalty of perjury by the case agent confirming these assertions. (*Id*. at 5–7.) The government attempted service of its response on the defendant's Broadway address in Atwater and noted that it would "keep the Court apprised of the possibility of a responsive pleading by the defendant." (*Id*. at 4.) Since then over four months have passed and no responsive pleading has been filed by defendant and the court has not otherwise been contacted about the matter.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

However, where no criminal proceeding is pending, a district court has discretion to hear a motion for the return of property as a civil equitable proceeding. *Kardoh v. U.S.*, 572 F.3d 697, 700 (9th Cir. 2009); *U.S. v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Courts should exercise "caution and restraint" before assuming jurisdiction over such a motion and they must consider four specific factors to determine if jurisdiction is warranted. *Id.* (*quoting Ramsden v. United*

*States*, 2 F.3d 322, 324 (9th Cir. 1993)).  The district court must consider whether:  (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance."  *Id*. at 324–25 (citing *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975)).  If the "balance of equities tilts in favor of reaching the merits" of a Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion.  *Ramsden*, 2 F.3d at 326.

In this matter the court declines to exercise its equitable jurisdiction to entertain defendant's motion and therefore grants the government's request to dismiss the motion.  It has been over three years since defendant originally filed his motion for return of property.  Nonetheless, he has not contacted the court about the motion since its filing.  Service of the court's recent order on defendant has been unsuccessful.  The court now has no known method to contact defendant.  Furthermore, the evidence presented to the court by the government indicates that the funds defendant references in his motion for return of property were sent to his nearest friend or relative Melissa Nava in January 2013.  Accordingly, the balance of equities does not favor the court exercising its equitable jurisdiction over the matter.

For all of the reasons set forth above,

1) The government's motion to dismiss defendant's motion for return of property (Doc. No. 28) is granted;

2) Defendant's motion for return of property (Doc. No. 14) is dismissed;

3) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 24, 2016**  _____
UNITED STATES DISTRICT JUDGE